**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| APPLE CENTRAL KC, LLC, | ) | Case No. 24-21427 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ______________________________ | ) | |
| | ) | |
| APPLE CENTRAL KC, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. No. 25-06002 |
| v. | ) | |
| | ) | |
| APPLEBEE'S FRANCHISOR, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO DISMISS APPLEBEE'S RESTAURANTS KANSAS LLC**

Apple Central KC, LLC ("ACKC") moves under Federal Rule of Civil Procedure 12(b)(6) and (c), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012(b), to dismiss the counterclaims brought by Applebee's Restaurants Kansas LLC ("ARK"). In support of this motion, ACKC states:

1. A party's failure to file a proof of claim timely precludes that party from asserting a claim against a Chapter 11 debtor. Federal Rules of Bankruptcy Procedure 3002(a) and 3003(c)(2).

2. ARK received the Notice of Chapter 11 Bankruptcy Case by First Class mail sent by the Bankruptcy Noticing Center on November 3, 2024. (See Certificate of Notice , page 1 of 4 Doc. 21).

3. The Notice of Bankruptcy Case established January 8, 2025 as the Bar Date for all creditors (except governmental units). (Doc. 21).

4. Bankruptcy Rule 3001(b) provides "[a] proof of claim shall be executed by the creditor or the creditor's authorized agent." "The import of this language is that each individual claimant must file a proof of claim or expressly authorize an agent to act on his or her behalf." *In re Standard Metals Corp.*, 817 F.2d 625, 631 (10th Cir. 1987).

5. Applebee's Franchisor LLC ("AFL") filed a proof of claim. (Claim #20.) The addendum to the proof of claim states that the proof of claim is being submitted on behalf of ARK, among others. (*Id.*) However, nowhere in the proof of claim does AFL state that AFL is an authorized agent of ARK, or that AFL is signing the proof of claim on behalf of ARK.

6. Moreover, ARK is seeking a jury trial in this adversary action (Doc. 19) which must mean that ARK does not consider Claim #20 to have been authorized. It is well established that a creditor filing a proof of claim waives the right to a jury trial in a subsequent proceeding. *Langenkamp v. Culp*, 498 U.S. 42, 44, 111 S. Ct. 330, 331 (1990). Based upon the jury trial requests of ARK in this proceeding, it appears that ARK did not authorize a claim to be filed on its behalf.

7. Because ARK did not file a file a timely proof of claim, ARK's claims against ACKC are barred.

**WHEREFORE**, Plaintiff ACKC respectfully requests that the Court dismiss the counterclaims asserted by ARK and for such other and further relief is just.

Dated: March 28, 2025

Respectfully submitted,

**GM LAW PC**

By: */s/Jason M. Hans*

William D. Beil KS #18072
Jason M. Hans KS #18881
1201 Walnut Street, Suite 2000
Kansas City, MO 64106
Telephone: (816) 471-7700
Facsimile: (816) 471-2221
billb@gmlawpc.com
jasonh@gmlawpc.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 28th day of March, 2025, a true and correct copy of the foregoing was electronically filed via the Court's electronic filing system which will serve notice of same to all counsel of record.

*/s/ Jason M. Hans*
Jason M. Hans