**SO ORDERED.**

**SIGNED this 30th day of June, 2025.**



*Dale L. Somers*
Dale L. Somers
United States Chief Bankruptcy Judge

___

*Designated for Online Publication*
**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| In re:<br>**Apple Central KC, LLC,**<br>　　　　　Debtor. | **Case No. 24-21427**<br>**Chapter 11** |
| **Apple Central KC, LLC,**<br>　　　　　Plaintiff,<br>v.<br>**Applebee's Franchisor, LLC,**<br>　　　　　Defendant. | **Adversary No. 25-6002** |

**Report and Recommendation to the District Court on
Motion to Withdraw Reference**

With this Report and Recommendation, the Court considers Applebee's

Franchisor, LLC's ("Applebee's") motion to withdraw the reference as it

1

relates to claims made by Apple Central KC, LLC (the "Debtor") against Applebee's in this adversary proceeding (the "Motion").[1] Pursuant to 28 U.S.C. § 157(d) and District of Kansas Local Rule 83.8.6, this Court recommends that the District Court deny withdrawal of the reference.

## I. Factual Background and Procedural History

Applebee's is a franchisor of restaurants known as Applebee's Grill & Bar in the casual dining industry. Applebee's grants franchisees the right to operate specific restaurants, provides necessary intellectual property licenses, and obtains franchisees' agreement to operate the restaurants pursuant to specific terms set forth in franchise agreements. In exchange for these services, Applebee's receives payments from franchisees principally in the form of monthly royalties based on the restaurants' revenues.

Applebee's entered into franchise agreements (the "Franchise Agreements") with the Debtor for eight restaurants (the "Restaurants") in the Kansas City area in the years 2015 through 2017. Under the Franchise Agreements, the Debtor was required to operate the Restaurants on the agreed-upon terms and to make regular payments of royalties and advertising fees to Applebee's. The Debtor also took over the leases associated

---

[1] Applebee's filed a Motion for Discretionary Abstention on the same day it filed this Motion [Doc. No. 9]. The Debtor has opposed the motion for abstention. An order denying the abstention motion will be filed contemporaneously with this Recommendation.

with certain Restaurants by entering into lease assignment and assumption agreements (the "Lease Assignments") with various Applebee's affiliates.

October 30, 2024, marked the beginning of this litigation spiral. On that day, the Debtor closed Restaurants without Applebee's consent and stopped paying royalties and advertising fees. On the same day, Applebee's filed its Complaint in the United States District Court for the District of Kansas (the "District Court"), Case No. 2:24-cv-02497 (the "Civil Case"). Applebee's named the Debtor's principal and guarantors as defendants,[2] alleging they were liable for the Debtor's breaches of the Franchise Agreements and Lease Assignments. And on that same date, the Debtor filed its Chapter 11 Petition.

On January 8, 2025, Applebee's filed its proof of claim in the amount of $10,836,208.80 (the "Proof of Claim").[3] In the Addendum to the Proof of Claim, Applebee's states the claim is for damages it sustained from the Debtor's breach of contract.

---

[2] The following were named defendants: William J. Georgas, individually; William J. Georgas, Trustee of the WJG Revocable Trust dated July 7, 2020; Steven B. Steinmetz, Trustee of the Sophia K. Georgas 2020 Irrevocable Trust dated December 22, 2020; and Steven B. Steinmetz, Trustee of the John W. Georgas 2020 Irrevocable Trust dated December 22, 2020.

[3] Claim No. 20-1. The Debtor has not filed an objection to the Proof of Claim other than in the context of this adversary proceeding as described below.

On January 13, 2025, the Debtor initiated this adversary proceeding against Applebee's (the "Adversary Proceeding"). In its Complaint, the Debtor asserts the following claims: 1) breach of the Franchise Agreements (Count I), 2) breach of the covenant of good faith and fair dealing with respect to the Franchise Agreements (Count II), and 3) an objection to the Proof of Claim (Count III).[4] In its Answer, Applebee's denied the allegations, asserted several affirmative defenses (e.g., failure to state a claim, waiver and estoppel, statute of limitations, and failure to mitigate) and added a counterclaim.[5]

Applebee's seeks entry of an order withdrawing the reference of this Adversary Proceeding to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d) and Bankruptcy Rule 5011(a) to consolidate all disputes in the District Court.

**II.   Discussion**

---

[4] Adv. Proc. Doc. 1. Counts I and II will collectively be referred to as the "Contract Claims."

[5] Adv. Proc. Doc. 12. Applebee's includes the following in its counterclaim: Counts I – VIII Breach of Contract (Franchise Agreements for the Restaurants), Counts IX-XV Breach of Contract (Lease Assignments), Count XVI Breach of Contract (Sublease), and Counts XVII-XIX Breach of Contract (Franchise Agreements for the Overland Park, KCMO, and Melody Lane Restaurants).

4

United States district courts have original jurisdiction over all "cases under title 11" and related proceedings.[6] District courts are then permitted to refer these cases to bankruptcy courts;[7] the United States District Court for the District of Kansas has exercised that authority.[8]

Section 157 of title 28 provides the governing law for withdrawal of the reference to bankruptcy courts. It states the district court may withdraw the reference, in whole or in part, on its own motion or on timely motion of any party, for cause shown.[9] The burden of proof is on the movant.[10] The statute is silent as to what constitutes "cause." However, courts have considered several factors in making the determination, including 1) whether the claims are core or non-core, 2) judicial economy, 3) prevention of forum shopping, 4) promoting uniform administration of the Bankruptcy Code, and 5) the presence of a jury demand.[11] A district court considering whether to

---

[6] 28 U.S.C. § 1334(a) and (b).

[7] 28 U.S.C. § 157(a).

[8] *See* D. Kan. Rule 83.8.5(a) printed in D. Kan. Local Rules (August 2024) (referring to the District's bankruptcy judges all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11, effective June 24, 2013); D. Kan. Rule 83.8.6 which governs the procedure for transfer of particular proceedings for hearing and trial in the District Court.

[9] 28 U.S.C. § 157(d).

[10] *In re Lindemuth*, 2022 WL 369413, at *5 (D. Kan. Feb. 8, 2022).

[11] *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993).

5

withdraw the reference should first evaluate whether the claims are core or non-core since it is on this issue that questions of efficiency and uniformity will turn.[12] A balancing of all these factors in this case weighs against withdrawal of the reference.

A. Core or non-core claims

Applebee's posits the Adversary Proceeding's Contract Claims are non-core actions—they present state law contract interpretation issues with respect to the Franchise Agreements. Further, they assert the objection to Applebee's Proof of Claim "must ultimately be resolved based exclusively on the underlying state law determinations."[13] The Debtor counters that the Contract Claims are "core" (even though they are based on state law) because they "present the quintessential scenario of state law claims asserted in bankruptcy that must be resolved in the process of ruling on [Applebee's] proof of claim,"[14] the latter being a core proceeding. Moreover, Applebee's invoked the jurisdiction of the Bankruptcy Court by filing its Proof of Claim, the Debtor argues, and the Bankruptcy Court has authority to enter a final judgment on all the claims.

---

[12] *Id.*

[13] Motion at 9.

[14] Opposition to Motion at 3-4.

Bankruptcy judges are authorized to hear and determine all bankruptcy cases and "all core proceedings arising under title 11."[15] The term "core proceedings" is statutorily defined and includes matters concerning the administration of the estate.[16] A matter that has no existence outside of bankruptcy is a "core" proceeding; bankruptcy courts have authority to enter final orders and judgments in core proceedings.[17] Conversely, "[a] proceeding is non-core if it does not invoke any substantive right under federal bankruptcy law and in the absence of bankruptcy, could have been brought in a district court or state court."[18]

The Court acknowledges the Contract Claims are based on state law and could arguably be characterized as non-core. However, a bankruptcy court may consider and apply state law as necessary to resolve claims over which it has authority under the Bankruptcy Code;[19] this Court's work

---

[15] 28 U.S.C. § 157(b)(1).

[16] 28 U.S.C. § 157(b)(2)(A) – (P).

[17] *Gardner v. United States* (*In re Gardner*), 913 F.2d 1515, 1518 (10th Cir. 1990); 28 U.S.C. § 157(b)(1).

[18] *In re Dynamic Drywall, Inc.*, No. 15-5005, 2015 WL 4497967, at *3 (Bankr. D. Kan. July 21, 2015) (citations omitted).

[19] *See, e.g., In re C.W. Mining Co.,* 2009 WL 1118717 (Bankr. D. Utah Apr. 23, 2009) (to determine debtor's interest in lease under § 541, bankruptcy court had to examine state law), *aff'd, C.O.P. Coal Dev. Co. v. C.W. Mining Co* (*In re C.W. Mining Co.*), 641 F.3d 1235 (10th Cir. 2011).

7

routinely involves the application and interpretation of state law as it interfaces with the Bankruptcy Code and Federal Rules of Civil Procedure.

Moreover, two of the enumerated core proceedings listed in the relevant statute are the "allowance or disallowance of claims against the estate" and "counterclaims by the estate against persons filing claims against the estate."[20] Counts I and II of the Debtor's Complaint are essentially counterclaims against Applebee's for breach of the Franchise Agreements and breach of the covenant of good faith and fair dealing in terms of those agreements. Count III speaks directly to the allowance of the Proof of Claim. The Adversary Proceeding falls squarely in these enumerated categories or core proceedings.

The Debtor correctly asserts by filing the Proof of Claim, "[Applebee's] has unquestionably and voluntarily submitted itself to the jurisdiction of the Bankruptcy Court."[21] It is well-settled when, as here, a claim and objection have been filed, "it is a core function of the bankruptcy court to determine

---

[20] 28 U.S.C. § 157(b)(2)(B), (C).

[21] Opposition to Motion at 6. Although Applebee's has expressly stated in the Addendum to its Proof of Claim that the filing of its claim is not a consent to jurisdiction, it cites no authority to support its ability to circumvent jurisdiction by simply saying so. Indeed, there is authority that holds otherwise. *See, e.g., In re Asousa Partnership*, 276 B.R. 55, 67-68 (Bankr. E.D. Pa. 2002) ("The submission to bankruptcy court jurisdiction from the filing of a proof of claim cannot be avoided by couching the proof of claim in protective language….").

whether such claims should be allowed and in what amount."[22] As one court put it when concluding certain claims were core, "All of these claims affect one of the most elemental of all core bankruptcy functions: determining if a creditor may collect from a debtor's estate."[23] The case of *In re G.I. Industries, Inc.*[24] is illustrative. The bankruptcy court approved the rejection of a contract between the debtor and creditor Benedor Corporation. Based on the rejection, Benedor filed a proof of claim arguing the rejection created a statutory breach of contract action independent of the contract's validity. The bankruptcy court disagreed and found the contract was invalid. The district court affirmed. On appeal, Benedor contended the bankruptcy court lacked jurisdiction to consider the validity of the agreement. The Ninth Circuit concluded Benedor subjected the agreement to the bankruptcy court's jurisdiction when it filed its proof of claim—the requirement under Bankruptcy Rule 3001 to attach a copy of the underlying contract to establish

---

[22] *Vitamins Online, Inc. v. Heartwise, Inc.* (*In re Heartwise, Inc.*), No. 22-60060, 2024 WL 3064031, at *1 (9th Cir. June 20, 2024) (unpublished). *See also Durkin v. Benedor Corp.* (*In re G.I. Industries, Inc.*), 204 F.3d 1276, 1280 (9th Cir. 2000)("By filing the proof of claim, Benedor voluntarily subjected the agreement to the bankruptcy court's jurisdiction as well, because the agreement is an integral component of the bankruptcy court's consideration of Benedor's claim.").

[23] *Bankruptcy Services, Inc. v. Ernst & Young* (*In re CBI Holding Co., Inc.*), 529 F. 3d 432, 461 (2nd Cir. 2008).

[24] *Durkin v. Benedor Corp.* (*In re G.I Indus., Inc.*), 204 F.3d 1276 (9th Cir. 2000).

9

its validity would be meaningless unless the bankruptcy court's jurisdiction extended to consideration of the contract supporting the claim. It reasoned:

> [T]he district court correctly concluded that "[t]he determination of the validity of the contract for the purposes of disallowing the 502(g) based claim, is basically a non-core issue of state breach of contract being subsumed into a core proceeding (regarding allowance of claim) and thereby coming under the jurisdiction of the bankruptcy court."[25]

Similarly, while the determination of the parties' obligations under the Franchise Agreements (as set forth in the Adversary Proceeding's Complaint and Applebee's counterclaim) may necessarily involve state law issues, those issues must be considered by this Court as they are inextricably linked to the Proof of Claim and an integral part of the Court's core function: to resolve the Debtor's objection to the Proof of Claim. Thus, given a bankruptcy court's statutory authority under 28 U.S.C. § 157(b)(2)(B)-(C) and the nature of the Adversary Proceeding, this matter is a core proceeding in which this Court may enter appropriate orders and judgments.

B. Remaining factors

An analysis of additional factors considered in making the determination of withdrawal of the reference also leads to the conclusion that the Motion should be denied.

---

[25] *Id.* at 1280.

Applebee's contends consolidating the disputes in the Civil Case will promote judicial efficiency because "the District Court already has significant familiarity with the parties, the Franchise Agreements, the history of the case, and related items."[26] The record does not support this argument. The Civil Case was filed on the same day as the Debtor's bankruptcy petition and very little has transpired: 1) the Defendants filed an Answer and 2) Applebee's filed a request for production of documents and interrogatories.[27] On January 21, 2025, the Defendants filed a motion to stay the Civil Case pending resolution of the Adversary Proceeding. In an Order dated March 11, 2025, the Magistrate Judge granted the motion to stay the Civil Case pending a decision on the motion to withdraw the reference to the Bankruptcy Court. In contrast, this Court has considered and adjudicated numerous motions and objections, and presided over several hearings in the main bankruptcy case, including those related to the use of cash collateral, the assumption/rejection of specific contracts, objections to plan confirmation and significantly, the sale of two of Debtor's restaurants (to which Applebee's objected).[28] Furthermore, because of the consistent activity in the Adversary

---

[26] Opposition to Motion at 12.

[27] Docket report for Civil Case No. 2:24-cv-02497.

[28] *See* Docket report for this bankruptcy case.

11

Proceeding, the Court has become quite familiar with the parties and their respective positions in the litigation. As a result, judicial economy will be promoted by maintaining the Adversary Proceeding in this Court.

Next, Applebee's admits the Proof of Claim subject to consideration in the Adversary Proceeding is "synonymous with its claims in the District Court."[29] It contends in situations where an adversary proceeding objecting to a proof of claim has factual issues and claims intertwined with a pending district court action, withdrawal of the reference is appropriate. Many of the cases cited by Applebee's, however, are distinguishable. For example, in *In re G.M. Crocetti, Inc.*,[30] the motion to withdraw the reference was brought in the midst of complex construction litigation and involved over a dozen parties who were not parties to the adversary proceeding. Here, the Civil Case is in its infancy, the contract issues do not appear to be particularly complex, and the defendants in the Civil Case (not named in the Adversary Proceeding) are not numerous. In *In re Sevko, Inc.*,[31] the underlying facts of the proceedings in both forums were essentially the same, but the parties were different; the defendants in the district court litigation were not guarantors. Here, though

---

[29] Motion at 2.

[30] *G.M. Crocetti, Inc. v. Trataros Constr., Inc.* (*In re G.M. Crocetti, Inc.*), No. 08 Civ. 6239(DLC), 2008 WL 4601278 (S.D.N.Y. Oct. 15, 2008), as corrected Oct. 17, 2008.

[31] *In re Sevko, Inc.*, 143 B.R. 114 (N.D. Ill. 1992).

the parties are different (i.e., the defendants in the Civil Case are not named in the Adversary Proceeding), the Civil Case defendants are guarantors being sued on a guaranty claim that is derivative of the claims brought by Applebee's against the Debtor. And as the Debtor notes, this Court's judgment in the Adversary Proceeding will be final and capable of being given preclusive effect by the District Court in the Civil Case. Thus, the risk of inconsistent outcomes is minimal at most.

Last, but not least, is consideration of a jury demand. On March 20, 2025, Applebee's and Counterclaimant Applebee's Restaurants Kansas LLC ("ARK") filed a Demand for Jury Trial.[32] The Debtor responded with a Motion to Strike Jury Demand, arguing ARK waived its right when Applebee's filed the Proof of Claim on ARK's behalf.[33] This Court agrees. It is a fundamental principle that the right to a jury trial does not extend to cases of equity jurisdiction—objections to filed claims are clearly part of the claims-allowance process which is inherently a proceeding in equity.[34] Thus, courts have consistently held that creditors who file proofs of claim do not have the

---

[32] Adv. Proc. Doc. 19.

[33] Adv. Proc. Doc. 21. An order granting the Motion to Strike Jury Demand will be filed contemporaneously with this Report.

[34] *Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990); *Katchen v. Landy*, 382 U.S. 323, 336-337 (1966).

13

right to a jury trial.[35] Because ARK waived its right by virtue of the filing of the Proof of Claim, this factor weighs against withdrawal of the reference.[36]

In short, the foregoing factors tip the scale in favor of this Court maintaining the Adversary Proceeding.

## III. Conclusion

A district court may withdraw any case or proceeding referred under 28 U.S.C. §157 on a motion of any party for cause shown. The Court concludes Applebee's has not met its burden to prove cause exists for withdrawal and is of the opinion that the Adversary Proceeding is appropriate for the Bankruptcy Court's determination. The Court therefore requests that the District Court adopt this Report and Recommendation and deny Applebee's Motion.

### # # #

---

[35] *See, e.g., In re Endeavor Highrise L.P.*, 425 B.R. 402 (Bankr. S.D. Tex. 2010) (creditors lose their right to a jury trial when they submit to the bankruptcy court's jurisdiction by filing a proof of claim); *In re Bank of New England Corp.*, 360 B.R. 1 (D. Mass. 2007) (same); *Rebein v. Kost*, 2006 WL 3842124, at *2 (D. Kan. Nov. 3, 2006) ("Because defendants Kost and Adkins filed claims against the bankruptcy estate, thereby consenting to the jurisdiction of the bankruptcy court, they are not entitled to a jury trial on the claims filed in the bankruptcy court that relate to their proofs of claim."); *In re Adelphia Communications Corp.*, 307 B.R. 404 (Bankr. S.D.N.Y. 2004) (same); *In re EXDS, Inc.*, 301 B.R. 436 (Bankr. D. Del. 2003) (creditor's proof of claim subjected the creditor's disputes to the bankruptcy court's jurisdiction even if creditor later withdrew the proof of claim).

[36] Courts have also held that a claimant who asserts a counterclaim in an adversary proceeding, as ARK did here, also invokes the equitable jurisdiction of the bankruptcy court. *See, e.g., Bayless v. Crabtree Through Adams*, No. 90-6002, 1991 WL 50166, at *2 (10th Cir. Apr. 2, 1991) (unpublished).