SO ORDERED.

SIGNED this 30th day of June, 2025.



___Dale L. Somers___
Dale L. Somers
United States Chief Bankruptcy Judge

*Designated for Online Publication*
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| In re:<br>Apple Central KC, LLC,<br>      Debtor. | Case No. 24-21427<br>Chapter 11 |
|---|---|
| Apple Central KC, LLC,<br>      Plaintiff,<br>v.<br>Applebee's Franchisor, LLC,<br>      Defendant. | Adversary No. 25-6002 |

**Memorandum Opinion and Order
Granting Motion to Strike Jury Demand**

Before the Court is Apple Central KC, LLC's (the "Debtor") Motion to Strike Jury Demand (the "Motion") filed on March 28, 2025. For the following reasons, the Court grants the Motion.

The Debtor entered into franchise agreements (the "Franchise Agreements") with Applebee's Franchisor, LLC ("Applebee's) to operate eight restaurants in the Kansas City area in 2015. Pursuant to the Franchise Agreements, the Debtor was required to make regular payments of royalties and advertising fees to Applebee's. On October 30, 2024, the Debtor closed the restaurants and stopped making the required payments. On that same day, Applebee's filed a lawsuit for breach of contract against the Debtor's principal and guarantors in the United States District Court for the District of Kansas, and the Debtor filed its Chapter 11 Petition.

On January 8, 2025, Applebee's filed its proof of claim in the amount of $10,836,208.80 (the "Proof of Claim") for damages sustained from the Debtor's breach of the Franchise Agreements.[1] In the Addendum to the Proof of Claim, Applebee's states the claim was filed on behalf of its affiliates, including Applebee's Restaurants Kansas LLC ("ARK").

On January 13, 2025, the Debtor initiated this adversary proceeding against Applebee's (the "Adversary Proceeding") asserting the following claims: 1) breach of the Franchise Agreements, 2) breach of the covenant of good faith and fair dealing, and 3) an objection to the Proof of Claim. Applebee's and ARK counterclaimed, seeking damages for breach of contract.

---

[1] Claim No. 20-1.

On March 20, 2025, Applebee's and ARK filed a Demand for Jury Trial in the Adversary Proceeding. This Motion followed.[2] The Debtor contends the right to a jury trial was waived because 1) Applebee's filed a proof of claim, thereby submitting Applebee's and ARK to the jurisdiction of the Bankruptcy Court, and 2) the Franchise Agreements contain jury trial waivers. In its response, ARK does not dispute the former. ARK asserts the Proof of Claim had to be filed to preserve its claims against the Debtor, and the Motion must be considered in the context of the pending motion to withdraw the reference and motion to abstain. ARK also argues it is not bound by the jury waiver since it was not a signatory to the Franchise Agreements. It is noteworthy that ARK states, "Applebee's Franchisor does not oppose [the Debtor's] Motion to the extent it is directed toward Applebee's Franchisor's demand for a jury trial."[3]

It is a fundamental principle that the right to a jury trial does not extend to cases of equity jurisdiction—objections to filed claims are clearly part of the claims-allowance process which is inherently a proceeding in

---

[2] Also pending before the Court are Applebee's Motion for Withdrawal of the Reference [Adv. Proc. Doc. 8] and Applebee's Motion for Discretionary Abstention [Adv. Proc. Doc. 9].

[3] Adv. Proc. Doc. 26, p.1, fn 1. At a hearing held on June 12, 2025, counsel for Applebee's took the position that Applebee's was bound by the jury trial waiver in the Franchise Agreements.

equity.[4] Thus, courts have consistently held that creditors who file proofs of claim do not have the right to a jury trial.[5] In addition, courts have held that a claimant who asserts a counterclaim in an adversary proceeding also invokes the equitable jurisdiction of the bankruptcy court.[6]

The crux of the Adversary Proceeding is the Debtor's objection to the Proof of Claim. Applebee's filed the Proof of Claim on behalf of ARK. Thus, both Applebee's and ARK submitted to the jurisdiction of this Court and waived the right to a jury trial in the Adversary Proceeding.[7] Whether Applebee's was motivated to file the Proof of Claim to preserve its rights and

---

[4] *Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990); *Katchen v. Landy*, 382 U.S. 323, 336-337 (1966).

[5] *See, e.g., In re Endeavor Highrise L.P.*, 425 B.R. 402 (Bankr. S.D. Tex. 2010) (creditors lose their right to a jury trial when they submit to the bankruptcy court's jurisdiction by filing a proof of claim); *In re Bank of New England Corp.*, 360 B.R. 1 (D. Mass. 2007) (same); *Rebein v. Kost*, 2006 WL 3842124, at *2 (D. Kan. Nov. 3, 2006) ("Because defendants Kost and Adkins filed claims against the bankruptcy estate, thereby consenting to the jurisdiction of the bankruptcy court, they are not entitled to a jury trial on the claims filed in the bankruptcy court that relate to their proofs of claim."); *In re Adelphia Communications Corp.*, 307 B.R. 404 (Bankr. S.D.N.Y. 2004) (same); *In re EXDS, Inc.*, 301 B.R. 436 (Bankr. D. Del. 2003) (creditor's proof of claim subjected the creditor's disputes to the bankruptcy court's jurisdiction even if creditor later withdrew the proof of claim).

[6] *See, e.g., Bayless v. Crabtree Through Adams*, No. 90-6002, 1991 WL 50166, at *2 (10th Cir. Apr. 2, 1991) (unpublished). By filing a counterclaim in the Adversary Proceeding, ARK arguably submitted to the equitable jurisdiction of this Court – another basis for striking ARK's jury demand.

[7] Although Applebee's has effectively conceded it has waived its right to a jury trial, the Court includes Applebee's in this ruling because it filed the Demand for Jury Trial along with ARK.

those of its affiliates is not relevant to this analysis. There are a number of consequences to the filing of a proof of claim which should be considered before filing – losing the right to a jury trial can be one of them.

The Debtor's Motion to Strike Jury Demand is granted.

**It is so ordered.**

# # #