**SO ORDERED.**

**SIGNED this 30th day of June, 2025.**



Dale L. Somers
United States Chief Bankruptcy Judge

*Designated for Online Publication*
# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re:<br>**Apple Central KC, LLC,**<br>　　　　　　Debtor. | Case No. 24-21427<br>Chapter 11 |
| **Apple Central KC, LLC,**<br>　　　　　　Plaintiff,<br>　　　v.<br>**Applebee's Franchisor, LLC,**<br>　　　　　　Defendant. | Adversary No. 25-6002 |

**Memorandum Opinion and Order
Denying Motion to Dismiss Applebee's Restaurants Kansas LLC**

On January 13, 2025, the Debtor initiated this adversary proceeding against Applebee's Franchisor, LLC ("Applebee's), asserting breach of contract, breach of the covenant of good faith and fair dealing, and an

1

\objection to Applebee's proof of claim (the "Proof of Claim").[1] In its Answer, Applebee's denied the allegations and asserted several affirmative defenses. Together with Applebee's Restaurants Kansas LLC ("ARK"), Applebee's also added a counterclaim listing several counts of breach of contract.

On March 28, 2025, the Debtor filed a Motion to Dismiss Applebee's Restaurants Kansas LLC (the "Motion") contending ARK's claims against the Debtor should be barred because ARK did not file a timely proof of claim. The Debtor makes two supporting arguments: 1) "nowhere in the proof of claim does [Applebee's] state that [Applebee's] is an authorized agent of ARK, or that [Applebee's] is signing the proof of claim on behalf of ARK"[2] and 2) since ARK has demanded a jury trial, it must not have authorized a claim to be filed on its behalf.[3] Applebee's asserts it was not required by law to name the affiliates on whose behalf it filed the Proof of Claim but it expressly named ARK and others, and was authorized to file the claim on ARK's behalf. It also argues ARK's filing of the jury demand has no bearing on whether ARK authorized Applebee's to file the Proof of Claim on its behalf months earlier.

---

[1] Claim No. 20.

[2] Motion at 2.

[3] *Id.*

2

Pursuant to Fed. R. Bankr. P. 3001(f), "[a] proof of claim executed and filed in accordance with the Federal Rules of Bankruptcy Procedure constitutes prima facie evidence of the validity and amount of the claim." The objecting party has the burden of going forward with evidence supporting the objection.[4]

In the instant case, the Debtor has not met its burden. The only authority cited by the Debtor to support its argument that the Proof of Claim had to expressly state Applebee's is an authorized agent of ARK is *In re Standard Metals Corp.*[5] That case, however, is inapposite. In *Standard Metals*, an individual bond holder filed a proof of claim on behalf of a class of bondholders. The debtor objected, arguing a class proof of claim was not allowed in a bankruptcy proceeding. The bankruptcy court agreed, and the district court affirmed. While the Tenth Circuit stated Bankruptcy Rule 3001(b) requires each individual claimant to file a proof of claim or expressly authorize an agent to act on his or her behalf, that statement—and the Tenth Circuit's entire discussion—focuses on claims filed in the context of a class action: "Attempts to file proofs of claim on behalf of a class have been rejected

---

[4] *In re Broadband Wireless Intern. Corp.*, 295 B.R. 140, 145 (10th Cir. BAP 2003) (citing *In re Geneva Steel Co.*, 260 B.R. 517, 524 (10th Cir. BAP 2001), *aff'd*, 281 F.3d 1173 (10th Cir. 2002)).

[5] 817 F.2d 625 (10th Cir. 1987).

where there was no showing that each member of the class had authorized the 'agent' to file on his or her behalf."[6] Here, a corporation filed a claim on behalf of its affiliate; this is not a case in which a class representative considers himself an authorized agent of all creditors in a putative class.

Furthermore, the Debtor cites no authority for the proposition that a proof of claim must expressly provide that a corporate entity is *signing* the claim on behalf of its affiliates, nor did this Court find such authority. Notably, Bankruptcy Rule 3001 has no such requirement. Here, Applebee's stated in the Addendum to the Proof of Claim that the claim was being submitted on behalf of ARK, specifically, and other affiliates. A proof of claim and its supporting documentation is considered as a whole—it defies logic that a declaration in an addendum stating the proof of claim is being submitted on behalf of an entity must be repeated on the signature line of the proof of claim itself.

Additionally, ARK has not disputed Applebee's authorization to file the Proof of Claim on its behalf. In the counterclaim asserted by Applebee's *and ARK*, Applebee's explained that ARK was included as a counterclaimant because the Debtor's objection to the Proof of Claim "is necessarily also against [ARK], who is an affiliated entity of Applebee's on whose behalf, in

---

[6] *Id.* at 631.

part, Applebee's filed its proof of claim (Claim 20)."[7] And in its response to the Motion, ARK affirms this: "For the avoidance of doubt, [ARK] hereby represents that Applebee's was authorized to file the Proof of Claim on its behalf, as explicitly indicated in the Proof of Claim."[8]

The Debtor's argument that ARK's jury demand "must mean that ARK does not consider [the Proof of Claim] to have been authorized" also lacks merit. The Debtor's objection must be evidence-based, not a presumption. ARK refuted that presumption in its opposition to the Motion when it stated, "[ARK's] filing of the Jury Demand in no way indicated Applebee's lacked authority to file the Proof of Claim on [ARK's] behalf."[9] The Court agrees with ARK's position that ARK's filing of the request for a jury trial has no bearing on whether Applebee's was authorized to file the Proof of Claim on ARK's behalf months before that request was made.

Accordingly, the Debtor's Motion to Dismiss ARK is denied.

**It is so ordered.**

### 

---

[7] Answer, Adv. Proc. Doc. 18, at 14, n.1.

[8] Opposition to Motion, Adv. Proc. Doc. 32, at 5, n.2.

[9] *Id*. at 5.

5